

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00304-CR

Florencio **PALOMARES**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 19-2567-CR-C
Honorable William D. Old III, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: September 29, 2021

DISMISSED

Appellant Florencio Palomares, Jr. entered into a plea bargain with the State pursuant to which he pleaded guilty to aggravated assault. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement. *See id.* R. 25.2(d). We must dismiss an appeal

"if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the appellant, and appellant's notice of appeal explicitly acknowledges this is the case. *See id.* R. 25.2(a)(2). The clerk's record does not reflect the trial court gave permission to appeal or that appellant's specific appeal is expressly authorized by statute. *Id.* While appellant's notice of appeal indicates he wishes to appeal "matters that were raised by written motion filed and ruled on before trial," the clerk's record shows the only matters raised by written motion filed before trial are: (1) a motion to release appellant and set reasonable bail; (2) a motion to reduce bond; (3) a motion in limine; (4) a "comprehensive request for notice of intention to introduce evidence"; (5) a motion for discovery and disclosure of exculpatory, mitigating, or inconsistent evidence; (6) a "comprehensive motion for discovery"; (7) a motion requesting disclosure of expert witnesses; (8) a motion for discovery of punishment evidence; (9) a motion for the judge to assess punishment; and (10) a motion to redact portions of appellant's recorded statement to law enforcement. The record shows the trial court denied appellant's motion to reduce bond, but any appeal of that ruling was rendered moot by appellant's subsequent conviction. *See Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990). Moreover, the record does not show the trial court ever ruled on appellant's other pretrial motions. *See* TEX. R. APP. P. 25.2(a)(2).

Because the record appears to support the trial court's certification that appellant does not have a right to appeal, on August 10, 2021, we notified appellant that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing appellant has the right to appeal was made part of the appellate record by September 9, 2021. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex.

App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication); *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

In response to our August 10 order, appellant filed a "Notification of Court Costs Issue." Appellant's notification states his appointed counsel "is not aware of any basis to prevent this appeal from being dismissed," but asks this court to modify the trial court's judgment to delete an assessment of attorney's fees imposed as costs. The State filed a response to appellant's notification, and appellant filed a reply. Appellant did not file an amended certification showing he has the right to appeal.

Neither appellant's notification nor his reply cites authority holding that we may modify a judgment where, as here, "a certification that shows the defendant has the right of appeal has not been made part of the record."[1] TEX. R. APP. P. 25.2(d). Because appellant has not filed an amended certification showing he has the right to appeal, the plain language of Rule 25.2 requires us to dismiss his appeal. *See id.* Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH

---

[1] In his notification and reply, appellant cites four cases in which this court either modified a judgment to delete an assessment of attorney's fees or has been asked to do so in matters that are currently pending before the court. *See Lerma v. State*, Nos. 04-19-00232-CR, 04-19-00233-CR, 2020 WL 559514, at *1 (Tex. App.—San Antonio Feb. 5, 2020, no pet.) (not designated for publication); *Martinez v. State*, No. 04-21-00066-CR (Tex. App.—San Antonio filed Feb. 2, 2021); *Woods v. State*, No. 04-21-00040-CR (Tex. App.—San Antonio filed January 20, 2021); *Luna v. State*, 04-21-00003-CR (Tex. App.—San Antonio filed Dec. 10, 2020). We take judicial notice of the clerk's records in those cases. *See* TEX. R. EVID. 201. While we express no opinion on the cases that are still pending before this court, we note that the clerk's records in all four cases cited by appellant contain either an original or an amended certification stating "the defendant has the right of appeal." As a result, those cases are distinguishable from these facts.